■ In the Matter of 1426 BAR AND GRILL, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— The determinations of the New York State Liquor Authority canceling petitioner's restaurant liquor license and disapproving renewal of the same for the 1969–1970 license year, are unanimously annulled, on the law, and in the exercise of discretion, without costs or disbursements. Petitioner was first licensed by the Authority on April 1, 1966 for premises located at 1426 Third Avenue, New York City. The license was renewed annually thereafter, the last renewal expiring February 28, 1969. On January 3, 1969 the Authority instituted a proceeding to revoke petitioner's license upon charges arising out of an incident which occurred on September 13, 1967. The first charge, alleging that the licensee had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in suffering the licensed premises to become disorderly, was dismissed. The second charge asserted that the conduct of William Morrison, president of the corporate licensee, was of such an improper nature as to warrant revocation, cancellation and suspension of its license in that he failed to co-operate with the police in their investigation of an assault that occurred in the licensed premises on September 13, 1967. This charge was sustained, one commissioner out of three dissenting and voting a penalty of thirty days on both charges to run concurrently. The record discloses that at about 1:15 A.M. on September 13, 1967 three patrons entered the licensed premises and sat at the bar not far from Morrison, the licensee's president. At about 2:00 A.M. another patron entered and suddenly and without any warning, in a loud voice berated the three men who had previously entered and proceeded to strike them, knocking them to the floor and taking money from them by force; Morrison attempted to quiet him but he pulled out a 12-inch knife and warned Morrison and the bartender to stay away. After taking the money from the three patrons whom he had assaulted, the fourth man left the premises. The police arrived shortly thereafter and questioned Morrison who gave a complete description of the attacker but did not identify him by name. It appears that Morrison knew the attacker. Indeed, the latter had been employed in the licensed premises

as a waiter sometime before and Morrison knew him as William Pekar. Morrison did not give any misleading information and claims that he was nervous, scared and upset during the brief interview with the detective who questioned him for a few minutes immediately following this incident, and that it was not his intention to protect Pekar. Detective King testified that his conversation with Morrison lasted two to five minutes and that the latter appeared to be scared. This appears to have been the only adverse incident in the licensed premises since the issuance of the first license. We do not excuse or condone Morrison's failure to reveal the true name of the attacker to the police. However, petitioner contends that the penalty imposed was too severe and was an abuse of the Authority's discretion. In our judgment, bearing in mind the petitioner's previous good record and the circumstances under which the brief interview by the detective was conducted, and the state of mind of Morrison at the time, a suspension of thirty days would have been sufficient and a more appropriate punishment. (CPLR 7803, subd. [d].) Petitioner's license expired February 28, 1969. He has been without a license now for approximately four months. If the Authority disapproved the renewal for the 1969–1970 license year solely upon the incident of September 13, 1967, as it appears from the record that such was in fact, the Authority is directed to renew the license. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Nunez, JJ.